UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PLYTAS, JR., | : |
| Petitioner | : |
| vs. | : CIVIL NO. 1:CV-16-0960 |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : (Judge Caldwell) |
| Respondents | : |

*M E M O R A N D U M*

I. *Introduction*

Presently before the Court is Plytas' combined motion seeking an enlargement of time to respond to the Government's Motion to Dismiss and a Motion for Appointment of Counsel. (Doc. 10).

For the reasons that follow, Plytas will receive additional time to respond to the Government's motion to dismiss but his motion for counsel will be denied.

II. *Background*

Plytas is a federal inmate who pled guilty to being a felon in possession of firearms and the possession of stolen firearms. He filed this 28 U.S.C. § 2241 petition seeking to have the Bureau of Prisons grant him a sentence reduction based on his successful completion of a drug-treatment program.

On May 23, 2016, the Petition and the Motion to Dismiss of the United States were transferred from the Eastern District of Pennsylvania to this court. (Doc. 4). On May

26, 2016, this court granted Plytas' motion to proceed *in forma pauperis* and directed he file a response to the Government's motion to dismiss.  (Doc. 8).  Prior to Plytas' filing a response, the Government filed a Motion to Dismiss for Lack of Jurisdiction.[1]  (Doc. 9).

III.   *Discussion*

Plytas seeks the appointment of counsel in this matter because he is untrained in the law and because the inmate who was assisting him to litigate it is no longer housed at the same prison. (Doc. 10, ECF p. 2).

Unlike trial and direct appeal, there is no constitutional right to counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545-46 (1987); *United States v. Essig*, 10 F.3d 968, 974 n.18 (3d Cir. 1993); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).  Appointment of counsel in these circumstances is authorized by 28 U.S.C. § 2254(h) and by 18 U.S.C. § 3006A(a)(2)(B).  Section 3006A(a)(2)(B) permits the court to appoint counsel in section 2241 proceedings when "the interests of justice so require."[2]

In deciding whether to appoint counsel, courts must first decide whether the petition is frivolous and whether appointment would benefit the defendant and the court. *Reese*, 946 F.2d at 263-64.  The court should also consider "the complexity of the factual

---

[1] It appears the United States' filed a combined motion and brief in lieu of a separate motion and supporting brief as required by M.D. Pa. Local Rules &.1 and 7.5.

[2] Section 2254(h) provides that appointment of counsel shall be governed by section 3006A.

and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Id.* at 264; *see also Blasi v. Attorney General*, 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998); *Watson v. United States*, 1997 WL 667152 at *4 (E.D. Pa.); *Biggins v. Snyder*, 2001 WL 125337 at *2-3 (D. Del.).[3]

Under this standard, we will deny the motion for appointment of counsel. We believe that appointment of counsel is not necessary to adjudicate the claims presented in the 2241 petition. The legal principles involved are not complex. Further, Plytas' filings to date have been clear and logical. To the extent he needs additional time to research the issues raised by the court and Respondent, an extension can be granted.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 30, 2016

---

[3] Factors for appointment of counsel in a civil case under *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), may also be considered. *Blasi*, 30 F. Supp. 2d at 489; *Biggins*, 2001 WL 125337 at *3.