UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER PLYTAS, JR., :
:
        Petitioner :
        vs. :    CIVIL NO. 1:CV-16-0960
:
FEDERAL BUREAU OF PRISONS, *et* :     (Judge Caldwell)
*al.*, :
:
        Respondents :

*M E M O R A N D U M*

I.   *Introduction*

      The pro se petitioner, Christopher Plytas, Jr., a federal inmate formerly housed at FCI-Schuylkill, located in Minersville, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition challenges the decision of the Federal Bureau of Prisons (BOP) not to grant him a reduction in sentence following his successful participation in a Therapeutic Community (TC) program while he was serving concurrent federal and state sentences in the custody of the Pennsylvania Department of Corrections (PA DOC).[1]  (ECF No. 1, Pet.).  Plytas argues that the drug and alcohol TC program he completed with the PA DOC "is the equivalent" to the BOP's Residential Drug Abuse Program (RDAP).  (*Id.*, p. 9).  He argues he is entitled to a reduction in sentence up to one year pursuant to 18 U.S.C. § 3621.

---

[1]  This matter was transferred from the Eastern District of Pennsylvania to this Court on May 23, 2016, as Petitioner was housed within this district at the time he filed his Petition.  (ECF No. 4).  Plytas is presently housed at FCI-Fairton, in Fairton, New Jersey. (*Id.*)

I.   *Standard of Review*

Habeas corpus review pursuant to 28 U.S.C. § 2241 is the appropriate means for a federal inmate to challenge a BOP decision to challenge the "execution" of his sentence.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

III.   *Background*

On January 21, 2013, Plytas entered a guilty plea in the Eastern District of Pennsylvania to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and possession of stolen firearms in violation of 18 U.S.C. § 922(j).  He was sentenced to a term of 96 months' incarceration followed by three years of supervised release.  (ECF No. 1, Pet.)  The sentencing court granted permission for Plytas to serve his sentence under "Pennsylvania Authority." (*Id.*, p. 15).  The sentencing court also agreed that Plytas would "receive credit from date of arrest on this offense 01/14/11." (*Id.*)  According to Plytas, his federal sentence ran concurrent to his related state burglaries and the BOP designated the PA DOC as the place for him to serve his federal sentence. (*Id.*, p. 16)

While housed in the PA DOC, Plytas completed "a therapeutic residential community drug treatment program which is the equivalent of the RDAP program offered in the federal system." (*Id.*)  In 2015, arguing that "[u]nder 18 U.S.C. § 3621(e) upon completion of the RDAP Drug Program an inmate is entitled to a reduction in sentence," Plytas requested a reduction in his federal sentence from the BOP. (*Id.*, p. 18).  In November 2, 2015, his request was denied. (*Id.*, p. 19).  The BOP advised Petitioner that:

> [Y]ou are not eligible for the early release incentive described in 18 U.S.C. § 3621(e)(2)(B). The early release incentive is only authorized for those inmates who have successfully completed a program of residential abuse treatment provided by the Federal Bureau of Prisons. *See* 18 U.S.C. § 3621(e)(1). Furthermore, the controlling federal regulation, 28 C.F.R. § 550.55(a)(2) provides for the possibility of early release only for those inmates who have "successfully completed a RDAP, as described in § 550.53, during their current commitment." Since you have not completed "a RDAP, as described in § 550.53," you are not eligible to receive the early release incentive.

(*Id.*)

IV.   *Discussion*

In its response, the BOP makes various alternative arguments for denying and dismissing the Petition. (ECF No. 9, Mot. to Dismiss). First, it argues the court lacks jurisdiction in this matter because there is no *in personam* jurisdiction over Plytas' current custodian, FCI-Fairton's Warden. This argument fails as a matter of law. Plytas filed his Petition while housed at FCI-Schuylkill, which is located within the Middle District of Pennsylvania. His transfer to another district does not divest this court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

The BOP's next argument is more persuasive. "The RDAP program gives the [BOP] the discretion to alter a prisoner's conditions of confinement or allow him a sentence reduction of up to one year if he successfully completes the program and his conviction was for a nonviolent offense." *Douvos v. Quintana*, 382 F. App'x 119, 112 (3d Cir. 2009)(nonprecedential). Under 18 U.S.C. § 3621(e), and as an incentive for an inmate's

successful completion of substance abuse treatment, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2) (B). To complete the BOP treatment program, and therefore to become eligible for early release, an inmate must complete all phases of the treatment program. *See* 28 C.F.R. §§ 550.53, 550.55. Here, the BOP argues that Plytas is not entitled to receive a reduction of sentence as he has not completed a BOP RDAP program.

We agree with the BOP's position. However, even if we assumed that Plytas is correct that the PA DOC's TC is "equivalent" to the BOP's RDAP program, and that he successfully completed the TC program, the BOP is not required to grant Plytas a reduction of sentence. Plytas' premise that he is "entitled" to a sentence reduction is unfounded. A sentence reduction under 18 U.S.C. § 3621(e) is left to the discretion of the BOP. *See* 18 U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230, 241, 121 S.Ct. 714, 722, 148 L.Ed.2d 635 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.") Thus, there is no mandatory language in 18 U.S.C. § 3621(e) requiring a sentence reduction, and so even if Plytas had participated in a BOP sanctioned RDAP program, he has no statutory right to early release under Section 3621(e). Likewise, to the extent Plytas disagrees with the BOP's decision not to accept his state TC program as an RDAP program or withhold any reduction in

sentence for his completion of such a program, this disagreement does not demonstrate an arbitrary or abusive decision by the BOP.[2]

We will issue an order denying relief.  We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate.  *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

                    /s/ William W. Caldwell
                    William W. Caldwell
                    United States District Judge

Date:  March 6, 2017

---

[2] As Plytas did not participate in an RDAP program we need not decide whether his underlying convictions excluded him from participating in such a program.